AO 245D   (Rev. 12/03) Judgment in a Criminal Case for Revocations (Rev. USAO 10/2004)
Sheet 1

# UNITED STATES DISTRICT COURT

WESTERN District of WASHINGTON

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Revocation of Probation or Supervised Release) |
| JESSICA LYN STACY | Case Number: CR03-5498JKA |
| | USM Number: 33459-086 |
| | Robert Gombiner |
| | Defendant's Attorney |

FILED LODGED RECEIVED
AUG 25 2005
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                DEPUTY

**THE DEFENDANT:**

■ admitted guilt to violation of condition(s)  1, 2, 3, 4 and 5   of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Associating with a person engaged in criminal activity, in violation of standard condition #9. | 4/26/05 |
| 2 | Failure to report for drug testing, in violation of special condition #2. | 4/27/04, 5/4/05 & 5/5/05 |
| 3 | Failure to notify the probation office within seventy-two hours of being arrested or questioned by a law enforcement officer, in violation of standard condition #11. | 3/8/05 |

SEE NEXT PAGE

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:   XXX-XX-3031
(Last four digits only)
Defendant's Date of Birth:   XX-XX-1978

Defendant's Residence Address:

Defendant's Mailing Address:

SUSAN M. HARRISON
Assistant United States Attorney

June 2, 2005
Date of Imposition of Judgment

Signature of Judge

THE HONORABLE J. KELLEY ARNOLD
United States District Judge

8/25/05
Date

03-CR-05498-JGM

AO 245D (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 1A

Judgment—Page 2 of 7

DEFENDANT: JESSICA LYN STACY
CASE NUMBER: CR03-5498JKA

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 4 | Associating with a person convicted of a felony, in violation of standard condition #9. | 5/11/05 |
| 5 | Failing to submit a urinalysis as directed by her probation officer, in violation of special condition #2. | 5/11/05 |

AO 245D   (Rev. 12/03 Judgment in a Criminal Case for Revocations
          Sheet 2— Imprisonment

Judgment — Page 3 of 7

DEFENDANT:      JESSICA LYN STACY
CASE NUMBER:    CR03-5498JKA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of:     **ONE HUNDRED (100) DAYS**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D  (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 4— Probation

Judgment—Page 4 of 7

DEFENDANT: JESSICA LYN STACY
CASE NUMBER: CR03-5498JKA

## SUPERVISED RELEASE

The defendant is hereby sentenced to probation for a term of: __ONE (1) YEAR__

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D   (Rev. 12/03) Judgment in a Criminal Case for Revocations
          Sheet 4A — Probation

Judgment—Page 5 of 7

DEFENDANT:     JESSICA LYN STACY
CASE NUMBER:   CR03-5498JKA

# ADDITIONAL SUPERVISED RELEASE TERMS

The special conditions of supervised release previously imposed shall remain applicable.

1. The defendant shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

2. The defendant shall participate as instructed by her U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency or substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. The defendant must contribute towards the cost of any programs, to the extent she is financially able to do so, as determined by the U.S. Probation Officer.

3. Restitution in the amount of $300.00 is due immediately. Any unpaid amount is to be paid during the period of supervision as directed by defendant's U.S. Probation Officer. Interest on restitution shall be waived.

4. The defendant shall provide his/her probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's Federal Income Tax Returns.

5. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of defendant's U.S. Probation Officer.

6. The defendant shall advise the probation officer in advance of any employment position and the probation officer shall notify the employer only with the Court's permission.

7. The defendant must notify the United States Probation Office and the United States Attorney's Office of any material change in financial circumstances that might affect the defendant's ability to pay restitution. At the time of the defendant's release from custody, the Probation Officer shall review defendant's financial condition as it pertains to defendant's ability to pay the restitution ordered and shall notify the Court of any changes that may need to be made to the payment schedule.

8. The defendant shall reside in and satisfactorily participate in a community corrections center and/or comprehensive sanction center, as a condition of supervised release for up to 120 days or until discharged by the Community Corrections Manager with the approval of the U.S. Probation Officer. The defendant may be responsible for a 25 % gross income subsistence fee.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: JESSICA LYN STACY
CASE NUMBER: CR03-5498JKA

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 25.00 | $ 0.00 | $ 300.00 (credit for amounts paid) |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Postmaster<br>U.S. Post Office<br>Yacolt, WA 98675 | $300.00 | $300.00 | |
| **TOTALS** | $ 300.00 | $ 300.00 | |

*WITH CREDIT FOR AMOUNTS PAID*

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ■ the interest requirement is waived for the    ☐ fine    ■ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

   ■ The Court finds that the defendant is unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT:      JESSICA LYN STACY
CASE NUMBER:    CR03-5498JKA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

■ **PAYMENT IS DUE IMMEDIATELY.** Any unpaid amount shall be paid:

☐ During the period of imprisonment, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

■ During the period of supervised release, in monthly installments amounting to not less than __10__ % of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

☐ During the period of probation, in monthly installments amounting to not less than _____% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

■ **The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible.**

■ **The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.

All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified at page __5__ of this Judgment.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ *Joint and Several*

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.